UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JODI HUGHES-RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00359-HAB-SLC |
| | ) | |
| CARAVAN FACILITIES MANAGEMENT, LLC, | ) ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is a motion to amend the complaint (ECF 20) filed by *pro se* Plaintiff seeking leave of Court to file her proposed amended complaint to add additional parties and claims (ECF 20-1). For the following reasons, Plaintiff's motion is GRANTED in part and DENIED in part.

*A. Background*

Plaintiff initiated this matter against her former employer, Defendant, in state court alleging breach of contract, wrongful discharge, and violations of the Family Medical Leave Act ("FMLA"). (ECF 2). Defendant subsequently removed the action to this Court. (ECF 1). On October 8, 2019, the Court held a preliminary pretrial conference where it set a November 26, 2019, deadline for Plaintiff to seek leave to amend her pleadings and join additional parties, and a December 10, 2019, deadline for Defendant to do so. (ECF 15).

Plaintiff filed the present motion on December 16, 2019, twenty days past her relevant deadline. (ECF 20). As such, her complaint is untimely under Federal Rule of Civil Procedure 16. In her amended complaint, Plaintiff seeks to raise a new claim of breach of the duty of fair

representation against her union, United Auto Workers, Local 2209 ("UAW").[1] (ECF 20-1 at 7). Further, Plaintiff's proposed amended complaint includes an expanded narrative explaining multiple instances in which she alleges Defendant's employees allegedly conspired against her regarding instances in which she was disciplined for tardiness. In particular, Plaintiff references Ruth Ann Little (*id.* at 2-3), Christina Vasquez (*id.*), Julia Egan (*id.* at 2, 4), Roosevelt Riley (*id.* at 2-3, 4-5), Daniel Tinsley (*id.* at 3, 5), Roger Sierra (*id.* at 2, 6), and Kelly Hyndman (*id.* at 2). While Plaintiff does not include any of these individuals, or UAW for that matter, in the caption of her amended complaint, based upon the proposed summons Plaintiff attached to her complaint, she seemingly intends to add these individuals as defendants as well. (ECF 20-2). While Plaintiff does reference additional individuals throughout her complaint, she does not clearly identify them as potential defendants, nor does she provide a proposed summons.

Plaintiff, in support of her motion, alleges that she has received new evidence through discovery which gave rise to the new factual allegations and defendants. (ECF 20 ¶ 3). She also includes an excerpt from the Seventh Circuit Court of Appeals case *Kreg Therapeutics, Inc. v. Vitalgo, Inc.*, 919 F.3d 405 (7th Cir. 2019) (ECF 22), and claims that she could not access the discovery giving rise to her amended complaint until November 12, 2019 (ECF 23 (including an email exchange with defense counsel)). In response, Defendant alleges that the motion should be denied as the request is untimely and because it would be unduly prejudiced by the addition of UAW, as any claims against UAW would be irrelevant to the claims against Defendant and would only confuse and complicate these proceedings. (ECF 21).

---

[1] Plaintiff also alleges "[t]hat the union and caravan retaliatory discharge [sic] [Plaintiff]." (ECF 20-1 at 7). As UAW did not discharge Plaintiff, this appears to be an additional claim against Defendant.

*B. Legal Standards*

When a motion to amend is filed after the Rule 16 deadline to do so has passed, the Court is "entitled to apply the heightened good-cause standard of [Federal Rule of Civil Procedure] 16(b)(4) before considering whether the requirements of [Federal Rule of Civil Procedure] 15(a)(2) [are] satisfied." *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014) (quoting *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011)). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (citation omitted) (upholding a denial of a motion for leave to amend nine months after the deadline to amend had passed).

Pursuant to Federal Rule 15, when a party can no longer amend the pleadings as a matter of right, a party must seek the court's leave or the written consent of the opposing party. While "leave is to be freely given when justice so requires," Fed. R. Civ. P. 15, "the decision as to whether to grant a motion to amend a complaint is entrusted to the sound discretion of the trial court," *Cohen v. Ill. Inst. of Tech.*, 581 F.2d 658, 661 (7th Cir. 1978) (collecting cases). Further, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992) (citing *Villa v. City of Chi.*, 924 F.2d 629, 632 (7th Cir. 1991)).

"Undue prejudice occurs when the amendment 'brings entirely new and separate claims, adds new parties, or at least entails more than an alternative claim or a change in the allegations of the complaint' and when the additional discovery is expensive and time-consuming." *In re*

*Ameritech Corp.*, 188 F.R.D. 280, 283 (N.D. Ill. 2015) (quoting *A. Cherney Disposal Co. v. Chi. & Suburban Refuse Disposal Corp.*, 68 F.R.D. 383, 385 (N.D. Ill. 1975)). As such, the Court must balance the hardship to the moving party if the motion is denied, the reasons the moving party failed to include the new party in the initial pleading, and the supposed injustice to the nonmoving party should the motion be granted. *Id.* (citing 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1487 (2d ed. 1990)).

"Moreover, when one party seeks to add additional parties, 'the amendment will not be permitted simply because the requirements of Rule 15 have been met. In addition, the applicable joinder rules must be satisfied." *Elite Enters., Inc. v. ASC, Inc.*, No. 1:04-CV-94, 2005 WL 3050279, at *2 (N.D. Ind. Nov. 15, 2005) (citing Steven Baicker-McKree *et al.*, *Federal Civil Rules Handbook* 416 (2005)). Pursuant to Federal Rule of Civil Procedure 20(b), a defendant may permissively be joined in an action if "any question of law or fact common to all defendants will arise in the action." "This rule should be given the liberal interpretation need to implement its apparent purpose: the avoidance of multiple trials involving many similar or identical issues." *Goodman v. H. Hentz & Co.*, 265 F. Supp. 440, 443 (N.D. Ill. 1967)

Further, an amendment is futile if it would not survive a dispositive motion such as a motion to dismiss. *See Duthie v. Matria Healthcare, Inc.*, 254 F.R.D. 90, 94 (N.D. Ill. 2008) ("For the plaintiffs, futility is measured by the capacity of the amendment to survive a motion to dismiss." (citing *Crestview Vill. Apts. v. U.S. Dep't of Hous. & Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004); *Barry Aviation Inc. v. Land O' Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 n.3 (7th Cir. 2004) (collecting cases))). "That means a proposed amendment must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Duthie*, 254 F.R.D. at 94 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In the interests of judicial

economy, the district court should 'scrutinize the amended complaint' and 'determine its viability' to decide 'whether filing it would be an exercise in futility.'" *Schible v. United States*, No. 1:12-CV-59, 2012 WL 2407695, at *1 (N.D. Ind. June 25, 2012) (quoting *Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008)).

*C. Analysis*

As an initial matter, Plaintiff appears to have been diligent, for the most part, in seeking to amend her complaint. While Plaintiff missed the deadline to amend, she did so by only twenty days. Further, it appears that Plaintiff had difficulty viewing Defendant's discovery, and as such was not able to review discovery until November 12, 2019, roughly one month prior to when she filed her motion to amend. Given Plaintiff's *pro se* status, reported difficulty viewing discovery, and relatively short delay in moving to amend, the Court finds that this was not an instance where Plaintiff failed to exercise due diligence. *Compare Trustmark Ins. Co.*, 424 F.3d at 553 (upholding the denial of a motion for leave to amend nine months after the deadline had passed); *Wilson v. Jones*, Case No. 4:16-cv-04025-SLD-JEH, 2017 WL 9772439, at *2 (C.D. Ill. Dec. 6, 2017) (denying a motion to amend filed more than eight months after the deadline passed); *Mintel Int'l Grp., Ltd. v. Neergheen*, 636 F. Supp. 2d 677, 690 (N.D. Ill. 2009) (denying a motion to amend not filed "until fifty-six days after the deadline for amendments" had passed). In other words, the Court finds that Plaintiff has satisfied Rule 16's "good cause" standard, and accordingly the Court proceeds to its Rule 15 analysis.

As mentioned, Defendant primarily argues that the motion to amend should be denied because the addition of UAW would cause undue prejudice. However, applying the factors discussed above, the Court finds that Defendant would suffer little to no prejudice by adding UAW as a party. For its part, Defendant only alleges that much of the amended complaint is

5

irrelevant to the claims against it. (ECF 21 ¶¶ 7-10). Plaintiff, on the other hand, obviously has an interest in resolving all of her claims at once, rather than through piecemeal litigation. Further, Plaintiff's claims stem from her employment and termination by Caravan while she was a member of UAW. As such, to some extent, it seems likely that a common question of fact would arise. Accordingly, the Court finds that the balance weighs in favor of allowing Plaintiff to amend her complaint to add her claim against UAW.

To the extent Plaintiff is attempting to add the individuals identified in the proposed summons as defendants, though, her motion fails. As mentioned, Plaintiff does not include any of these individuals in the caption of her complaint, nor does she explain the basis of her cause of action against any of these individuals. (*See* ECF 20-1 at 6-8). While the Court recognizes its responsibility to construe *pro se* pleadings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court cannot readily identify any cause of action as to any of these individuals. By way of example, Plaintiff only alleges that Kelly Hyndman was "an agent, employee and was acting within the course and scope of her agency or employment authority as such, with knowledge express or implied of, [Defendant]." (*Id.* at 2). Similarly, Plaintiff only alleges that Roger Sierra was an employee or agent of Caravan who authored a disciplinary report against her. (*Id.* at 2, 20). Such claims alone do not state a claim or relief that is plausible on its face. *See McCauley v. City of Chi.*, 671 F.3d 611 616 (7th Cir. 2011) ("Making the plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (citing *Ashcroft v. Iqbal*, 550 U.S. 662, 678 (2009))). As such, allowing Plaintiff to amend her complaint to add these parties would be futile.[2]

---

[2] At this juncture, the Court declines to address the issue of whether the breach of the duty of representation claim against UAW is futile. The Court simply notes that it appears to have federal question jurisdiction over the claim and that it is not obviously deficient. *See Wegscheid v. Local Union 2911*, 117 F.3d 986, 989 (7th Cir. 1997) ("[I]t

*D. Conclusion*

In conclusion, Plaintiffs' motion seeking leave to amend is GRANTED in part. However, to the extent that Plaintiff is seeking to add claims against additional defendants besides UAW, her motion is DENIED. The Clerk is DIRECTED to show Plaintiff's amended complaint (ECF 20-1) as filed and to add United Auto Workers, Local 2209 to the case caption as a Defendant.

SO ORDERED.

Entered this 30th day of January.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

is now settled that any suit to enforce a union's duty of fair representation is within the federal-question jurisdiction of the federal courts.").