UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JODI HUGHES-RODRIGUEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-00359-HAB-SLC |
| ) | |
| CARAVAN FACILITIES ) | |
| MANAGEMENT, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Plaintiff Jodi Hughes-Rodriguez, proceeding *pro se*, filed suit against her former employer Caravan Facilities Management, LLC ("Caravan"), asserting claims for breach of contract, wrongful discharge and violations of the Family Medical Leave Act ("FMLA"). (ECF No. 2).[1] She subsequently amended her complaint to add her union, UAW Local 2209 ("the Union"), alleging breach of the union's duty to provide fair representation to her. (ECF No. 26).

Before the Court is the Union's Motion for Judgment on the Pleadings (ECF No. 38), asserting that Plaintiff 's Amended Complaint fails to state a valid claim against it for breach of the duty of fair representation and that any claims for breach of the duty are untimely. Plaintiff responded to the motion and, in addition, moved to amend her complaint a second time to add new claims against the Union. (ECF No. 43). On July 28, 2020, the Court denied the second motion to amend leaving the claims in the Amended Complaint intact. (ECF No. 46). The Union's Motion for Judgment on the Pleadings is now fully briefed and appropriate for consideration.

**FACTUAL BACKGROUND**

---

[1] Plaintiff filed her original complaint in state court but Caravan removed it to this Court. (ECF No. 1).

As set forth in the Amended Complaint, Caravan performs janitorial services for General Motors at its Fort Wayne truck assembly plant. (Am. Compl. at 3, ¶1). The Union represents Caravan janitorial employees who work at the plant and, at all relevant times, was a party to a collective bargaining agreement ("CBA") with Caravan. (*Id.* ¶¶s 2–3; Union's Answer, ¶3, ECF No. 33). Plaintiff became an employee of Caravan in April 2014 as an on-call booth cleaner. (*Id.* ¶4). As part of her employment, Plaintiff was a member of the Union. (*Id.* at 4, ¶5).

Between November 15, 2014, and November 18, 2014, Plaintiff alleges that various Caravan officers "conspired to and maliciously created" a shop rule, unauthorized by the CBA to discipline Plaintiff for tardiness. (Am. Compl. at 4, ¶7). She claims these same individuals then initiated numerous disciplinary actions against her for instances occurring in November and December 2014 and March, April and May 2015. (Am. Compl. Exs. B and C). Plaintiff alleges that for each of these disciplinary actions, she tried to initiate a grievance. (Am. Compl. at 4, ¶10). However, the Union failed to pursue these grievances.

On April 5, 2017, Plaintiff asserts that Union Chairman, Roosevelt Riley ("Riley") wrote a statement against her related to her involvement in a verbal altercation with another employee. (Am. Compl. at 5, ¶13). On the same date, Plaintiff received a disciplinary action and a thirty (30) day suspension as a result of her conduct. She then initiated a grievance which Caravan denied the next day. (*Id.* ¶¶s 14–15). On April 10 or 11, 2017, Plaintiff alleges her grievance was withdrawn without her knowledge or consent. (*Id.* ¶16). On May 2, 2017, the Union attempted to reinstate Plaintiff's grievance but that was unsuccessful. (Am. Compl. at 5, ¶ 18).

On some unspecified date, Plaintiff's immediate supervisor signed a disciplinary report charging Plaintiff with tardiness. Plaintiff alleges that the disciplinary report was in violation of

2

the CBA and that although the report was signed by her supervisor, another Caravan employee authored it.

On March 12, 2019, Plaintiff received two separate written warnings for violations occurring on March 6, 2019, and March 9, 2019. On March 6, Plaintiff was alleged to have violated shop rules 21 (wasting time or loitering in toilets or any Company property during work hours) and 34 (leaving your work area without permission during work hours) (Am. Compl. at 27). Because this was Plaintiff's 4th discipline, Plaintiff received a 30-day suspension for this violation to begin the same day as the written warning. (*Id.*).

On March 9, Plaintiff was alleged to have sent threatening and abusive text messages to her supervisor on her company phone in violation of shop rules 2 and 28. (Am. Compl. at 27). The March 12, 2019 written warning for this violation indicated that Plaintiff's employment "has been terminated effective immediately." (*Id.*). On both written warnings Plaintiff received, Todd McKibbin, Union vice president, signed as Plaintiff's Union rep. (*Id.* at 26–27).[2]

Plaintiff's Amended Complaint contains two allegations against the Union: (1) that the Union breached its duty of fair representation when it failed and interfered with the grievance process in the CBA; and (2) that the Union and Caravan "maliciously retaliatory discharge" [sic] Plaintiff. (Am. Compl. at 7, ¶¶s 28–29).

## APPLICABLE STANDARD

A motion for judgment on the pleadings under Rule 12(c) is evaluated using the same standard as a motion to dismiss under Rule 12(b)(6): to survive the motion, "a complaint must state a claim to relief that is plausible on its face." *Bishop v. Air Line Pilots Ass'n, Int'l*, 900 F.3d

---

[2] In her proposed Second Amended Complaint, Plaintiff alleged that the Union grieved her termination and that termination was denied by Caravan. The Union did not appeal the denial of the grievance. These allegations are not presented in the Amended Complaint.

3

388, 397 (7th Cir. 2018) (citations omitted). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Wagner v. Teva Pharm. USA, Inc.*, 840 F.3d 355, 358 (7th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In assessing a motion for judgment on the pleadings, the Court draws "all reasonable inferences and facts in favor of the nonmovant, but need not accept as true any legal assertions." *Id.*

## DISCUSSION

Plaintiff's Amended Complaint asserts what are described as "hybrid" claims under Section 301 of the Labor Management Relation Act, ("LMRA"), 29 U.S.C. § 185, *et seq*. These claims are "hybrid" in that to succeed on them, Plaintiff must allege both a breach of the collective bargaining agreement by her employer and a breach of the duty of fair representation by the union. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164–65 (1983). Plaintiff must succeed in both claims to prevail, as "the two claims are inextricably interdependent." *Id.* at 164 (internal quotation marks omitted). Here, Plaintiff has made both required sets of allegations; however, the Union argues that Plaintiff has insufficiently pled the claims against the Union or they are time-barred and for this reason, it should be dismissed from the action.

"A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 916 (7th Cir. 2013). An action is arbitrary if it "is so far outside a wide range of reasonableness as to be irrational." *Id.* at 917. Conduct is discriminatory or in bad faith if "the union acted (or failed to act) due to an improper motive." *Id.* at 916. However, to determine whether a union's actions are discriminatory or in bad faith, a court must conduct an inquiry into the subjective motivation of the union officials. *Crider v. Spectrulite Consortium*, 130

F.3d 1238, 1243 (7th Cir. 1997). A plaintiff must establish subjective hostility toward him individually or as a member of a disfavored group *and* evidence that the hostility negatively impacted the representation. *Souter v. Int'l Union, UAW*, 993 F.2d 595, 598–99 (7th Cir. 1993). "A plaintiff is successful in pleading a breach of the duty of fair representation if [s]he plausibly pleads a breach under *any* of the three prongs." *Bishop v. Air Line Pilots Ass'n, Int'l*, 900 F.3d 388, 397 (7th Cir. 2018) (emphasis in original).

Here, the Plaintiff has not adequately alleged facts that plausibly give rise to an inference that the Union acted arbitrarily, in a discriminatory fashion, or in bad faith. To the extent Plaintiff merely alleges that the Union refused to grieve her disciplinary actions in 2014, 2015, or 2017, this is insufficient; she must also plead factual allegations to support the notion that the refusal to file grievances was irrational, unreasonable, or based on an improper motive. *Cotton v. Chrysler Corp.,* No. 1:17-CV-17-TLS, 2018 WL 1124437, at *3 (N.D. Ind. Mar. 1, 2018) (plaintiff's complaint inadequate to state a claim for breach of the duty of fair representation where it conclusorily states that UAW failed to adequately represent him). Plaintiff states only that after the December 2014 disciplinary action against her she contacted the Union and "the Union failed to initiate said grievances, upon [Plaintiff's] request then and thereafter." (Am. Compl. at 5, ¶¶s 11–12). Nothing in this allegation lends itself to any inference that the Union did anything nefarious or unreasonable.

In 2017, she asserts that the Union filed a grievance, it was denied and that the grievance was withdrawn "without her knowledge and consent." (Am. Compl. at 5, ¶ 16). But, this allegation, without more, likewise fails to suggest that the Union acted in an arbitrary or discriminatory way. At most, Plaintiff does make the conclusory allegation that with respect to her termination the Union acted "maliciously," but she does so without any factual allegations from which such a

5

motive can be inferred. *See, e.g., Yeftich,* 722 F.3d at 917 ("[A]bsent some specific factual detail to color [plaintiffs'] bare conclusory allegations, the complaint does not plausibly state a claim under § 301 of the LMRA."); *Garcia v. Zenith Elec. Corp.*, 58 F.3d 1171, 1176 (7th Cir. 1995) ("Courts should not substitute their judgment for that of the union, even if, with the benefit of hindsight, it appears that the union could have made a better call."). Thus, the Court concludes that Plaintiff's Amended Complaint fails to state a claim for relief against the Union for breach of the duty of fair representation.

What's more, even if the Amended Complaint plausibly alleged facts to establish the requisite intent to support a duty of fair representation claim, it is well-established that hybrid § 301 claims are subject to an exceedingly short six-month statute of limitations, beginning either when the arbitrator rules against the union or when the employee reasonably should learn of the union's decision not to pursue a grievance. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 172 (1983) (holding that the six-month limitations period applies to breach of fair representation claims brought against unions); *Bonds v. Coca-Cola Co.*, 806 F.3d 1324, 1325 (7th Cir. 1986) (affirming dismissal of hybrid claim against employer and union as time-barred, applying six-month statute of limitations, citing *DelCostello*).

To the extent the Plaintiff is suing based on discipline she received in 2014, 2015 and 2017, this Court has previously held that the statute of limitations has long run out on those claims as Plaintiff was well aware that the Union was not pursuing grievances on her behalf more than six-months prior to the filing of her Amended Complaint. (*See* 7/28/2020 Opinion and Order at 7–9, ECF No. 46).

So, too, with respect to her claim against the Union regarding her termination. Plaintiff was terminated on March 12, 2019 and, while she filed her original state court complaint against

Caravan on July 17, 2019, within six-months of her termination, Plaintiff's Amended Complaint adding the Union was not filed until January 31, 2020, outside the six-month window. In addressing the Plaintiff's request to amend her claim a second time, the Magistrate Judge, after considering the factors for whether a claim relates back to the original complaint, concluded that the Plaintiff's attempt to add claims against the Union for her termination did not "relate back" to the original complaint and thus, were time-barred:

> Here, there is nothing to suggest that [the Union] was not named in the initial complaint because of a mistake on the part of Plaintiff. Rather, Plaintiff claimed in her motion seeking leave to file her first amended complaint that her motion was prompted by 'evidence of new facts and will include new defendants.' While the claim against [the Union] arguably arose out of the same transaction or occurrence as the claim against Caravan – Plaintiff's termination – there is nothing to suggest that the two Defendants share an identity of interest. [The Union] and Caravan are obviously separate entities, and there is nothing to suggest that [the Union] received notice of Plaintiff's claims against Caravan.

(ECF No. 46 at 10–11, citing *Krupski v. Costa Crociere S.p.A,* 560 U.S. 538, 548 (2010)("Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known…not what the *plaintiff* knew or should have known at the time of filing her original complaint.")(emphasis in original)).³ The Magistrate Judge further noted that Plaintiff also did not allege that her Amended Complaint should relate back to the filing of the original Complaint. Thus, since the court concluded that the "relation back" doctrine is inapplicable to Plaintiff's Amended Complaint or her attempts to file a Second Amended Complaint, any claim against the Union based on Plaintiff's termination is time-barred under the six-month limitation for hybrid claims. The Union's Motion for Judgment on the Pleadings is GRANTED.

---

³ Pursuant to Fed.R.Civ.P. 72(a), with respect to non-dispositive pretrial motions referred to Magistrate Judges, the district court, "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Plaintiff did not object to the Magistrate's ruling on her Motion for Leave to Amend and thus, she has waived any challenge to those conclusions.

7

## **CONCLUSION**

Based on the foregoing, the Union's Motion for Judgment on the Pleadings is GRANTED and the Plaintiff's claim against the Union for breach of the duty of fair representation is DISMISSED. As this is Plaintiff's sole claim against the Union, the Union is DISMISSED from this action in its entirety.

SO Ordered September 1, 2020

                                              s/ Holly A. Brady
                                              JUDGE HOLLY A. BRADY
                                              UNITED STATES DISTRICT COURT